IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ALVIN M. QUINTANA,

       Plaintiff,

v.                                                             CIV 01-316 JP/KBM

JO ANNE B. BARNHART,[1]
Commissioner of Social Security,

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

      This matter is before the Court on Plaintiff's Motion to Reverse or Remand. *Doc. 9.* The sole issue is whether the Administrative Law Judge ("ALJ") erred in his step five finding that Plaintiff retains the capacity for work that exists in significant numbers. After thoroughly reviewing the transcript and especially the testimony of the vocational expert, I cannot determine that the ALJ's decision is based upon substantial evidence and recommend that the matter be remanded.

### *Standard of Review*

      If substantial evidence supports the ALJ's findings and the correct legal standards were applied, the Commissioner's decision stands and Plaintiff is not entitled to relief. *E.g., Hamilton v. Sec'y of Health & Human Servs.,* 961 F.2d 1495, 1497-1500 (10th Cir. 1992). My assessment is based on a review of the entire record, where I can neither reweigh the evidence nor substitute my judgment for that of the agency. *E.g., Casias v. Sec'y of Health & Human Servs.,* 933 F.2d

---

[1] On November 9, 2001, Jo Anne B. Barnhart was sworn in as Commissioner of Social Security. In accordance with FED. R. CIV. P. 25(d)(1), Ms. Barnhart is substituted as the Defendant in this action.

799, 800 (10th Cir. 1991). "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Castellano v. Sec'y of Health & Human Servs.,* 26 F.3d 1027, 1028 (10th Cir. 1994) (internal quotations and citations omitted).

### *Background*

Among other things, Plaintiff suffered tendon and nerve injuries to his left hand, which is his dominant hand. Plaintiff was examined by consulting physician Dr. Leonore A. Herrera. She described Plaintiff's limitations from the injury to his left hand as "Dupuytren's contracture" in the "palmar surface, digits three and four," and further observed that Plaintiff has limited range of motion "for apposition of digits five and four of both hands." *Administrative Record* ("*Record*") at 117. With regard to work activities, Dr. Herrera found Plaintiff "is most limited by problems with apposition in the left dominant hand for digits three through five." *Id.* at 118. Other nonexamining physicians also rendered their opinion on Plaintiff's hand limitations. These opinions are that Plaintiff is "limited" in three of the four "manipulative limitations." Specifically, Plaintiff is limited in "Handling (gross manipulation)," "Fingering (fine manipulation), and "Feeling (skin receptors)," but "unlimited" in "Reaching all directions (including overhead)." *Id.* at 122. The ALJ adopted the opinions of these physicians in finding Plaintiff capable of performing a "restricted range of 'light' work." *Id.* at 15; *see also id.* at 14 (citing Exhibits 4F and 5F).

At the hearing, the ALJ asked the vocational expert, Duane Johnson, what work is available given a number of factors, including Plaintiff's hand limitations. *Id.* at 235. Johnson first identified the unskilled light position of linen room attendant, which requires "occasional fingering." Because the linen room position required "frequent reaching and handling," however,

2

Johnson testified the position "would be questionable as far as the gross manipulation limitation." *Id.* at 236. Johnson next identified the unskilled position of toll collector, which like the linen room attendant position requires "occasional fingering" and "frequent reaching and handling." *Id.* at 236. He noted that the toll collector position has both sedentary and light positions available. For the sedentary toll collector there are 3,687 positions in New Mexico and 602,000 in the United States; for the light toll collector there are 10,177 positions in New Mexico and 1,661,000 in the United States. *Id.*

When the ALJ asked Johnson to assume gross and fine manipulation and feeling are limited, Johnson testified that the linen room attendant and toll collector positions would be eliminated from consideration. *Id.* at 237. Indeed, when later asked what jobs were available given certain limitations, Johnson testified that with the "limitation in the gross, fine manipulation, [Plaintiff] could not do any job that I know of." *Id.* at 238.

The third position Johnson identified was the unskilled position of surveillance system monitor, which does not require "reaching, handling, fingering or feeling." *Id.* at 236. Johnson explained that the surveillance monitor position also has both sedentary and light positions available. As I read his testimony, Johnson stated that there are 57 New Mexico and 6,042 national sedentary surveillance positions **plus** 57 New Mexico and 6,042 national light surveillance positions. *Id.*

The fourth job Johnson identified is medical voucher clerk, a semi-skilled sedentary position that "again requires just occasional fingering." *Id.* at 237. Only sedentary positions are available for medical voucher clerk and there are 66 such jobs in New Mexico and 14,700 in the United States. *Id.* at 238.

3

The ALJ also "adopt[ed] the testimony of the vocational expert," in reaching his conclusion that Plaintiff is "capable of making a successful adjustment to work that exists in significant numbers in the national economy." *Id.* at 16. The three positions the ALJ's opinion identified were: toll collector, surveillance system monitor, and medical voucher clerk. *Id.* at 15. Defendant concedes that one of the jobs – toll collector – is not available to Plaintiff. *Doc. 11* at 5. In light of this concession, disposition of this matter turns on Plaintiff's remaining arguments concerning the medical voucher clerk and the surveillance monitor positions.

*Analysis*

Plaintiff first contends that the medical voucher clerk position is unavailable because the vocational expert failed to note that the finger dexterity required is "medium" aptitude and that the reaching and handling required is at a "frequent" level. *See The Dictionary of Occupational Titles* 214.842-18. Defendant does not respond to this argument. Plaintiff insists that the medical voucher position is also unavailable because the ALJ found Plaintiff had no transferable skills, yet that job is characterized as semi-skilled.

The ALJ's step five decision appear internally inconsistent with the rest of the decision. For instance, the ALJ adopted the medical findings that Plaintiff has limited gross and fine manipulation ability and the vocational expert's findings that these limitations disqualify jobs that require "frequent handling." The ALJ thus eliminated the laundry position. Yet, according to the DOT, the medical voucher clerk position *also* requires frequent handling and was nonetheless included by the ALJ. Moreover, the medical voucher clerk position has the same requirements for handling as the toll collector position, which Defendant concedes is unavailable. This alone constitutes grounds for eliminating the medical voucher clerk position and moots Plaintiff's

4

transferable skills argument.

Plaintiff next asserts that the surveillance system monitor position does not exist in sufficient numbers in New Mexico to qualify. Here, too, the ALJ's decision is inconsistent with the vocational expert's testimony. Johnson seemed to explain that the surveillance monitor position has both sedentary and light positions available, *each* with 57 positions in New Mexico and 6,042 positions in the United States. Hence, the parties' arguments are based on 114 local surveillance jobs and 12,084 national surveillance jobs.[2] However, that is not what the ALJ found. The ALJ expressly found there are only 57 combined sedentary and light positions in New Mexico and only 6,062 combined light and sedentary positions in the "national economy." *Record* at 15. Defendant puts forth no argument that 57 and 6,062 positions respectively are sufficient. Nor is there a finding by the ALJ that these numbers alone are sufficient.

Two additional observations are in order. The ALJ's opinion states that the claimant's injuries may have been related to alcohol use. Plaintiff contends this comment on alcohol use is immaterial, but does not argue it is grounds for reversal or remand. Defendant does not address the issue. I find the ALJ's observation harmless, since the ALJ held that only if Plaintiff's impairments were found "of disabling severity" could "a convincing argument . . . be made that all of his physical problems were related to injuries sustained during periods of alcohol use." *Id.* at 16. Since the ALJ did not find Plaintiff's impairments of that severity, and since this will not be an issue on remand, I find the remark harmless.

---

[2] Plaintiff takes the position that 114 positions in the state where Plaintiff lives is insufficient regardless of the number of jobs in the national economy. Defendant takes the position that the number of jobs in the local economy is irrelevant if sufficient numbers exist in the United States.

Finally, I note that the ALJ's decision alternatively held Plaintiff is not disabled under 202.21 of the Medical-Vocational Guidelines, or "grids." Although Plaintiff does not argue that the grid finding was erroneous, I find that it is erroneous and illustrative of the internal inconsistencies in the ALJ's opinion. The regulations define difficulty in performing a "manipulative . . . function[] . . . such as . . . handling" as a nonexertional limitation. 20 C.F.R. § 404.1569a(c)(vi). When nonexertional limitations are present, reliance on the grids is improper. *E.g., Frey v. Bowen,* 816 F.2d 508 (10th Cir. 1987).

Wherefore,

**IT IS HEREBY RECOMMENDED THAT** Plaintiff's motion be granted and the matter remanded to the Commissioner for further proceedings with regard to the step five analysis, including an additional hearing if warranted.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 10 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the ten day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
UNITED STATES MAGISTRATE JUDGE